**FILED**
**Nov 03, 2020**
**08:34 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **JESUS HERRERA,** | ) | **Docket Nos.: 2019-05-0765** |
| **Employee,** | ) | **2019-05-0764** |
| **v.** | ) | |
| | ) | |
| **PEDRO LUNA,** | ) | **State File Nos. 49239-2019** |
| **And,** | ) | **47819-2019** |
| **TURCIOS MASONRY,** | ) | |
| **Employers,** | ) | |
| **And,** | ) | |
| | ) | |
| **BUSINESSFIRST INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

The Court held a Compensation Hearing on October 29, 2020. The sole issue was whether Mr. Herrera is entitled to medical and temporary disability benefits. For the reasons below, the Court holds that Mr. Herrera is not entitled to those benefits.

### History of Claim[1]

On May 27, 2019, Mr. Herrera was working for Mr. Luna, a subcontractor for Turcios Masonry, when he fell from a cement mixer.[2] He went to the emergency room, where records show the doctors diagnosed a left-side rib fracture and contusions. They discharged him with a Lortab prescription and an incentive spirometer. Because x-rays also disclosed a mass in Mr. Herrera's left lung, the doctors told him to follow up with his own physicians for additional diagnostic studies, including a probable biopsy.

---

[1] Mr. Herrera stated at the hearing that he wished to rely on his testimony in the February 26, 2020 Expedited Hearing, rather than testify again. Mr. Luna had no objection, and the Court granted this request.

[2] The Court previously granted summary judgement to Turcios Masonry and its carrier, Businessfirst Ins. Co., dismissing them from the case. The sole remaining defendant at this hearing was Mr. Luna, who presented no proof.

1

After Mr. Herrera filed his Petitions for Benefit Determination (PBDs), Turcios Masonry paid his emergency room bills and provided a panel of physicians, from which he selected Concentra Urgent Care.[3]

Dr. Frank Thomas saw Mr. Herrera at Concentra on September 10, 2019. He noted a healing left-side rib fracture and left lateral chest pain. Dr. Thomas also noted the mass in the left lung and strongly advised Mr. Herrera to keep his scheduled appointment at Murfreesboro Medical Center. He stated that Mr. Herrera had reached maximum medical improvement from his injury and released him.

Mr. Herrera testified that he received treatment for lung cancer and tuberculosis over the next several months. He continues to have pain in his left side whenever he lifts anything, so he has not been able to work since the accident. Because he had no symptoms until he fell, he believes his fall is the cause of his symptoms, so he is entitled to medical and temporary disability benefits.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Herrera must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2019).

To receive temporary total disability benefits, Mr. Herrera must establish that (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and his inability to work; and (3) his period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Temporary partial disability benefits are available when the temporary disability is not total. Specifically, TPD "refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Id*. An employee may receive TPD benefits when the treating physician returns him to work with restrictions but the employer either (1) cannot return the employee to work within those restrictions or (2) cannot provide restricted work that pays the employee's average weekly wage on the date of injury. *Id*. at *8.

Mr. Herrera presented no medical proof that his physicians either took him completely off work or assigned restrictions because of his injury. Thus, he did not show that he became disabled due to a compensable injury or a causal connection between his

---

[3] In addition to Mr. Herrera's PBD naming Mr. Luna as the employer, he also filed a PBD naming Turcios because Mr. Luna's workers' compensation insurance had lapsed.

injury and his inability to work. Without that evidence, Mr. Herrera is not entitled to temporary disability benefits.

Mr. Herrera also requested payment of medical bills for treatment of his work injury. However, the only medical bills he introduced into evidence were emergency room and radiology bills from the date of the accident, which were paid by Turcios. Further, Mr. Herrera offered no proof of any other medical treatment related to the work injury, nor any proof of the reasonableness and necessity of the bills introduced into evidence. For this reason, the Court holds that Mr. Herrera is not entitled to past medical expenses.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Herrera's claim is denied.

2. Turcios Masonry shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five days of entry of this order.

3. Turcios Masonry shall file an SD-2 within five days of entry of this order.

4. Unless appealed, this order shall become final thirty days after entry.

**ENTERED November 3, 2020.**

_____
**JUDGE DALE TIPPS**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Jesus Herrera
2. Choice of Physician form
3. Notice of Controversy
4. Medical records from Concentra and Williamson Medical Center
5. Additional medical records and bills

Technical record:
1. Petitions for Benefit Determination
2. Dispute Certification Notices
3. Request for Expedited Hearing
4. Employer's Notice of Filing and Witness List

5. Employer's Witness List
6. Motion for Summary Judgment
7. Order Granting Summary Judgment

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 3, 2020.

| Name | Certified Mail | Fax | E-mail | Service sent to: |
|---|---|---|---|---|
| Jesus Herrera | X | | | 1009 Riviera Dr. Murfreesboro, TN 37130 |
| Pedro Luna | X | | | 2714 Murfreesboro Pike Lot 33 Antioch, TN 37013 |
| Amy Brown, Employer's Attorney | | | X | amy@petersonwhite.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*